UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

James Mark Vogel,

          Plaintiff,

  vs.                      REPORT AND RECOMMENDATION

State of Minnesota,
Becker County Attorney,
Joseph A. Evans,
Asst. Public Defender,
Andrew K. Berger,

          Defendants.      Civ. No. 05-2113 (MJD/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Application to Proceed in forma pauperis ("IFP"). The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made on behalf of the Defendants.

The Plaintiff, who is a State prisoner, commenced this action under Title 42 U.S.C. §1983, and has alleged that he was denied Due Process during the prosecution

of criminal charges against him, and in his guilty plea on those charges.  He also filed the current Application to proceed IFP.

By Order dated September 15, 2005, we directed the Plaintiff that he needed to submit an initial partial filing fee of $15.95 in order to commence this action, in accordance with Title 28 U.S.C. §1915(b)(1).  Our Order allowed the Plaintiff until October 7, 2005, to submit to the Clerk of Court the partial filing fee, as well as one completed United States Marshal Service for each of the named to Defendants.  The Order expressly advised the Plaintiff that his case would be subject to dismissal unless he complied with the stated requirement within the time allowed.

The deadline for satisfying the requirement of this Court's prior Order expired two weeks ago, and the Plaintiff has yet to satisfy our directives.  Therefore, based upon the Plaintiff's failure to comply with our Order of September 15, 2005, and his failure to prosecute this action, we recommend that his Complaint be dismissed, without prejudice.  See Rule 41(b), Federal Rules of Civil Procedure (declaring that actions may be dismissed for failure to comply with Court Orders); see also, Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)(recognizing that a Federal Court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"); In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997)

(advising that the failure to submit financial information required by §1915(a)(2), or an initial partial filing fee required by § 1915(b)(1), "may result in dismissal of a prisoner's action").

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Complaint [Docket No. 1] be dismissed, but without prejudice, for failure to comply with this Court's Order dated September 15, 2005, and for failure to prosecute.

2. That the Plaintiff's Application to proceed in forma pauperis [Docket No. 2] be denied, as moot.

Dated: October 24, 2005        s/Raymond L. Erickson

                                             Raymond L. Erickson
                                             CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by

filing with the Clerk of Court, and by serving upon all parties **by no later than November 10, 2005,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than November 10, 2005,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.